UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAMIRO TRUJILLO HERNANDEZ,

Petitioner,

v.

TONYA ANDREWS, *et al.*,

Respondents.

Case No. 1:26-cv-07249 (VC)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2, 5

Before the Court is Petitioner Ramiro Trujillo Hernandez's petition for writ of habeas corpus filed pursuant to 8 U.S.C. § 2241 challenging his continued detention by U.S. Immigration and Customs Enforcement ("ICE"). This is Petitioner's fourth petition in this district; the first was denied, and the second and third were dismissed. The Court dismisses this petition as well under the abuse of the writ doctrine and denies Petitioner's application for a temporary restraining order (Dkt. No. 5) and motion for immediate release (Dkt. No. 2).

## I. BACKGROUND

The facts relevant to the instant petition are largely laid out in the order denying Petitioner's initial petition, and the current filing before this Court. Petitioner became a lawful permanent resident of the United States in 1988. *Hernandez v. Warden*, Case No. 1:25-cv-1711-WBS-SCR, Dkt. No. 26 at 2. He was convicted of attempted murder in 2007 and sentenced to twenty-seven years in prison. *Id*. On May 20, 2025—the day Petitioner was released from state custody—ICE detained Petitioner. *Id*. In his initial petition he argued that his detention, which at the time had reached roughly eleven months, was unconstitutionally prolonged. *Id*. at 2–3. The Court rejected this argument, finding that Petitioner's detention was mandated under 8 U.S.C. §

1226(c), and because the Supreme Court found § 1226(c)'s mandatory detention scheme to be facially constitutional in *Demore v. Kim*, 538 U.S. 510 (2003), Petitioner was not entitled to further process. *Id*. at 3–4. He appealed that decision to the Ninth Circuit, which remains pending. *See* Dkt. No. 13 at 2.

Shortly after this order was issued, Petitioner was ordered removed by an immigration judge. *See* EOIR Automated Case Information, available at https://acis.eoir.justice.gov/en/caseInformation. He appealed that order to the Board of Immigration Appeals ("BIA") on May 5, 2026 and submitted his brief with respect to that appeal on August 17, 2026. *Id*. He has now been detained without a bond hearing for sixteen months and claims that his detention is likely to continue for a prolonged period while his appeal is decided by the BIA. Dkt. No. 1 at 5–6.

## II. DISCUSSION

Respondents oppose relief on the grounds that the instant petition should be denied under the abuse of the writ doctrine. Dkt. No. 14 at 1. Alternatively, they argue that Petitioner's detention under § 1226(c) without the opportunity for release on bond is constitutional because Petitioner has not shown that he is in a "'removable-but-unremovable limbo' as the petitioners in *Zadvydas v. Davis*. *Id*. at 2 (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008)).

The abuse of the writ doctrine generally bars reconsideration of claims that "were or could have been raised in a prior habeas petition." *Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (cleaned up). Although the statutory bar in 28 U.S.C. § 2244(a) does not apply to an immigration detainee's § 2241 petition, *see Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000), the common law abuse of the writ doctrine applies in § 2241 proceedings. *See Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). When a subsequent petition raises "identical grounds for relief" as an earlier petition, it must ordinarily be dismissed unless the petitioner can establish "(1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id*.

Both the instant petition and the one which was previously denied raise a nearly identical

due process challenge to Petitioner's prolonged detention. The only distinguishing features raised by Petitioner in the instant petition are (1) that his detention has now reached sixteen months, and (2) he expects his detention to continue for many more months given his pending appeal of his removal order. Dkt. No. 1 at 5–6. The claim, however, that Petitioner's mandatory detention under § 1226(c) violated his due process rights was conclusively decided in *Hernandez v. Warden*, Case No. 1:25-CV-1711-WBS-SCR, with the court finding that Petitioner's "detention during [his removal] proceedings is constitutionally permissible—'with or without [a] bond hearing[].'" Dkt. No. 26 at 4 (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1218 (9th Cir. 2022)). As Petitioner's prolonged detention claim has already been decided, and Petitioner has not raised any facts which would warrant proceeding to the merits of his claim, the instant petition must be dismissed under the abuse of the writ doctrine.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the petition is dismissed and Petitioner's motions for a temporary restraining order and immediate release are denied. This order resolves all pending motions. The Clerk of the Court is directed to enter judgment for Respondents and close this case.

**IT IS SO ORDERED.**

Dated: September 29, 2026

VINCE CHHABRIA
United States District Judge